## (April 14, 1965)

■ EDWARD TYMON, Respondent, v. ROBERT A. LINOKI, Individually and as Executor of WILLIAM LINOKI, Deceased, et al., Appellants.— Motion by respondent to amend the decision and order of this court dated March 1, 1965 (23 A D 2d 663) granted to the extent that the reference in said decision and order to " Lot 13 in Block 13, 430 " is amended to read " Lot 113 in Block 13, 430 "; in all other respects the motion is denied. Motion by appellant John H. Hayes for reargument of appeal, denied. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

## (April 19, 1965)

■ ALKA PRECISION TOOL & EXPERIMENTAL WORK, INC., Appellant, v. WERNER KIENTZLER, Individually and Doing Business as QUEENS CHAIN & FINDINGS CO., Respondent, et al., Defendant.— In an action to recover the balance due under a contract for the manufacture of certain goods, in which the defendant Kientzler asserted two counterclaims: one to recover damages on the ground that the goods were defective and were not made in accordance with the contract, and one to recover money loaned to plaintiff, the plaintiff appeals from a judgment of the Supreme Court, Queens County, entered May 20, 1964 after a nonjury trial, upon the court's decision, which dismissed its complaint and awarded the said defendant the sums of $1,139 and $750 on his first counterclaim and $1,000 on his second counterclaim. Judgment modified on the law and the facts by reducing to $160 the sum of $750 allowed as part of the recovery on the first counterclaim; and by reducing the interest allowed and the total recovery accordingly. As so modified, judgment affirmed, without costs. Findings of fact contained or implicit in the decision of the court below which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The testimony of the plaintiff was so contradictory and vague, apparently due to sole reliance on a faulty memory, that the complaint was subject to dismissal for insufficient proof. In the light of the proof as to payment and the damaged or defective condition of the goods, the sum of $1,139 was warranted as part of the recovery allowed on the first counterclaim. The sum of $750 allowed for repairs, however, is without a basis in the record except to the extent of $160. The judgment should be modified accordingly. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.